[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
At the conclusion of the evidence in the above-captioned case and and after summations were given by the attorneys, the court made a finding of fact from the bench.
The court then reserved for decision the applicability of 31-72 Conn. Gen. Stat. to the plaintiff's prayer for relief.
 II.
The instant case is a claim by the plaintiff for compensation he claims is due him. CT Page 5146
Initially he brought suit against the corporation, International Oxygen Company and against its majority owners, Donald Thumlert and Raymond Dolan. The suit against the corporation has been withdrawn leaving the named individuals majority owners.
The complaint shows that the basis for the plaintiff's cause of action is 31-72 Conn. Gen. Stat.
 III.
In every case involving the construction of a statute, the starting point must be the language used, Preston v. Dept. of Environmental Protection, 218 Conn. 821.
Section 31-72 Conn. Gen. Stat., provides as follows:
 When any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i, inclusive, or fails to compensate an employee in accordance with section 31-76k or where an employee or a labor organization representing an employee institutes an action to enforce an arbitration award which requires an employer to make an employee whole or to make payments to an employee welfare fund, such employee or labor organization may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court, and any said sections shall be no defense to such action. The labor commissioner may collect the full amount of any such unpaid wages, payments due to an employee welfare fund or such arbitration award, as will as interest calculated in accordance with the provisions of section 31-265 from the date the wages or payment should have been received had payment been made in a timely manner. In addition, the labor commissioner may bring any legal action necessary to recover twice the full amount of unpaid wages, payments due to an employee welfare fund or arbitration award, and the employer shall be required to pay the costs and such reasonable attorney's fees as may be allowed by the court. The commissioner shall distribute any wages, arbitration awards or payments due to an employee welfare fund collected pursuant to this section to the appropriate person.
The plaintiff claims that the public policy requires the application of remedies provided by said statute to one who specifically causes wages to be withheld from an employee. CT Page 5147
In support of his position, the plaintiff cites the case of Grossman v. Centaur Sciences, Inc. et al, 14CLT40 (1988), where Judge Cioffi held that, "Given the fact that Connecticut does provide for a civil remedy for wrongfully withholding wages, the court holds that any party who specifically causes wages to be withheld from an employee is held individually accountable to the employee whether that person was acting in a corporate capacity or not." Judge Cioffi found that the Connecticut statute provides for a private civil action for an employer's failure to pay wages, but fails to specify who may be held civilly liable.
In response, the defendant cites the case of Hutto v. Conoon Black of Connecticut, Inc. et al, decided in the Superior Court in Stanford (February 22, 1991). Judge Mottolese stated, "Other judges of this court have read into the statute a legislative intent based on a remedial public policy, that any individual found to have wrongfully withheld wages may be held liable whether or not he was the employer at the time. Grossman v. Centaur Sciences, Inc. 14CLT40, 760 (October 10, 1988) (Cioffi, J.); Sullivan v. Progress Builders, Inc. No. 096086, Waterbury, J.D., August 22, 1990 (Byrne, J.). I respectfully decline to join in this view.
Judge Mottolese concluded that no such intent can be fairly imported in to the statute.
Conn. Gen. Stat. 31-72 provided that "When any employer fails to pay any employee wages in accordance with the provision of 31-71a to 31-71i, inclusive . . ., such employee . . . may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorneys' fees as may be allowed by the court."
In 31-71a(1) "Employer" is defined to include "any individual, partnership, association, joint stock company, trust, corporation . . . ".
This court finds that 31-72 provides for a private civil action for an employer's failure to pay wages, however31-72 when read with the definitional 31-71a (1) does not specify personal liability for a corporate officer. A corporation is also defined as an employer. If corporate officers were held personally liable on a public policy theory, they could be exposed to unlimited liability. For such liability to exist the statute should so specify. This is a determination for the Legislature to make.
The court therefore finds the reasoning in Hutto, supra, CT Page 5148 to be more persuasive than in Grossman, supra.
In finding for the defendants, the court sympathizes with the plaintiff's claim and acknowledges the "ancient authority" quoted by his attorney. The court agrees that "the laborer is worthy of his hire", however, the question is by whom shall the laborer be paid? The evidence shows that the corporation is responsible for his commission, because it is the employer.
Therefore, the plaintiff has not satisfied the court that the defendants are individually liable pursuant to 31-72.
Accordingly, judgment may enter for the defendants.
STENGEL, J.